**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES MACK, III,

Plaintiff,

v.

Case No. 3:26-cv-956-WWB-SJH

SHERIFF MIKE WILLIAMS, et al.,

Defendants.

---

# ORDER

Plaintiff James Mack, III, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983. (Doc. 1). Generally, Mack alleges that he was denied medical care for injuries he sustained after he fell while detained in the Duval County Jail. Because Mack seeks to proceed *in forma pauperis*, the Court reviews whether the allegations in the Complaint are frivolous, facially deficient, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

## I. COMPLAINT

Mack alleges that on January 18, 2022, he was detained in the Duval County Jail. (Doc. 1 at 10). Between 6:45 a.m. and 7:00 a.m., Mack exited his cell "hurrying to catch [the] clothing exchange[,]" when he slipped on the wet floor that was "flooded" with water. (*Id.*). When he fell, he hit his head, landed on his back, and fractured his lower back. (*Id.*). The fall caused him to lose consciousness and the ability to hear from his left ear. (*Id.*).

Mack was escorted from the jail on a stretcher to an emergency room at a local hospital. (*Id.*). Mack alleges that "all sorts of test[s] [were] done" because "he could not hear anything on the left side," his head was numb, and he was experiencing back pain. (*Id.*). Despite being transported to the emergency room, Mack never received treatment for his injuries besides a hearing exam. (*Id.* at 11).

Mack alleges that his Eighth Amendment rights were violated when medical providers at the Florida Department of Corrections Reception and Medical Center in Lake Butler, Florida, ("**RMC**"), and at the Jacksonville Shands Hospital were deliberately indifferent to his serious medical needs. (*Id.* at 4). Although Mack fell on January 18, 2022, in the Duval County Jail, the alleged deliberate indifference that forms the basis of this case occurred when he was denied medical care while incarcerated at RMC from February 2023 to June 2023. (*Id.* at 7).

Mack names as defendants ten medical providers at RMC and at the Jacksonville Shands Hospital, as well as Jacksonville County Sheriff Mike Williams. (*Id.* at 3–6). As relief, Mack seeks to recover $100,000.00 in compensatory damages, $500,000.00 in punitive damages, and medical treatment for his injuries. (*Id.*).

## II. DISCUSSION

The Prison Litigation Reform Act ("**PLRA**") requires an inmate to exhaust available remedies before filing a § 1983 action concerning prison conditions. 42 U.S.C. § 1997e(a). "[Section] 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must now exhaust all 'available' remedies, not just those that meet federal

standards." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citation omitted); *see also Ross v. Blake*, 578 U.S. 632, 648 (2016) ("Courts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement. The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'").

"[F]ailure to exhaust is an affirmative defense under the PLRA, and [] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, "[a] complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

In Florida, the grievance process consists of a three-step procedure, including an informal grievance, a formal grievance, and an appeal. Fla. Admin. Code Ann. § 33-103. The PLRA "mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005) (quoting *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)). "In short, inmates must exhaust administrative remedies so long as there is the possibility of at least some kind of relief." *Varner v. Shepard*, 11 F.4th 1252, 1259 (11th Cir. 2021) (quotations and citations omitted).

Mack alleges that he filed a grievance stating that he was "neglected [medical] treatment" but that he "never received any results [of his grievance] from the county jail or prison[.]" (*Id*. at 13). When asked what steps, if any, he took to appeal that decision, Mack acknowledges that he "was never able to appeal any decision because [he] never received anything back from the jail nor prison staff." (*Id*. at 13–14). He further alleges

that he was "was waiting to exhaust [his administrative] remedies, but never could do [sic] to prison officials." (*Id*. at 11). Mack attached grievances dated October 24, 2025, November 6, 2025, and November 24, 2025, which he filed while incarcerated at the Gulf Correctional Institution, to his Complaint. (Doc. 1-1 at 1–5). In these grievances, which were denied, Mack complains that he has been denied testing and treatment for hearing loss. (*Id*.).

Mack acknowledges in his Complaint that he did not exhaust his administrative remedies, explaining that he "was never able to appeal any decision." (Doc. 1 at 13.) He further acknowledges that he "was waiting to exhaust [his administrative] remedies, but never could[.]" (*Id*. at 11). Mack makes no allegations that he was "thwarted from bringing his grievances or that the grievance process [is] unavailable" to him. *See Kozhu v. Nichols*, 185 F. App'x 874, 877–78 (11th Cir. 2006) (affirming dismissal for failure to exhaust when the prisoner "did not avail himself of the process by following the grievance procedures"). To the contrary, the grievances attached to his Complaint demonstrate that Mack was aware of the available grievance process.

Mack's acknowledgement that he did not complete the three-step grievance process leaves "the possibility of at least some kind of relief." *Varner*, 11 F.4th at 1259. This acknowledgment appears on the face of the Complaint, and the PLRA mandates "strict exhaustion." *Johnson*, 418 F.3d at 1155. Therefore, the Complaint must be dismissed without prejudice for failure to exhaust administrative remedies.

## III. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Mack's Complaint is **DISMISSED without prejudice** for failure to exhaust administrative remedies.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.
3. If Mack wishes to pursue his allegations, he may file a new complaint in a new case, including sufficient factual matter to demonstrate exhaustion of administrative remedies.

**DONE AND ORDERED** at Jacksonville, Florida, on October 2, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-5
C: James Mack, III, #301781